IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS W. VAN DE MARK, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3100 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LANCASTER COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

The court previously considered the plaintiff's motion for leave to proceed in forma pauperis ("IFP") while the plaintiff was a prisoner. However, the records of the Court indicate that the plaintiff is no longer incarcerated. Therefore, under 28 U.S.C. § 1915, the plaintiff no longer has to provide inmate trust account information. A prisoner who is released from custody after filing a civil complaint may file a motion for leave to proceed IFP based on the changed circumstances caused by release from prison. If IFP status is then granted, the plaintiff is relieved of any liability for the filing fee. Therefore, the plaintiff shall file a request to proceed IFP as a nonprisoner. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

IT IS THEREFORE ORDERED:

1. That the Clerk of the Court shall send the plaintiff the form for requesting leave to proceed IFP;

2. That the plaintiff shall complete the form and return it to the court;

3. That the plaintiff shall review the attached Notice; and

4. That the plaintiff shall continue to keep the court informed of the plaintiff's current address at all times while this case is pending.

DATED this 6th day of May, 2005.

BY THE COURT:

s/F.A. GOSSETT
United States Magistrate Judge

**NOTICE REGARDING SUMMONS FORMS FOR PRO SE PLAINTIFFS WHO ARE PROCEEDING IN FORMA PAUPERIS ("IFP")**

A person who is proceeding pro se and in forma pauperis ("IFP") as the plaintiff in a civil case shall **not** provide the court with summons forms for service of process on the defendant(s) **until** notified to do so by the Clerk of Court.

The law applicable to in forma pauperis proceedings requires the court to screen complaints for persons proceeding IFP. In such screening (or initial review), the court provisionally determines the following issues:

(1) whether the plaintiff's allegation of poverty is true or untrue; or

(2) whether the action (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief.

Therefore, before any summons can be served on a defendant, the court must conduct initial review of a complaint filed by a plaintiff who has received leave to proceed IFP. If the court provisionally finds that such a complaint need not be dismissed, an Order will be issued by the court in which:

(1)     The Clerk of Court will be directed by a Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the complaint, together with Form 285 for service of process, at no cost to the plaintiff, by the U.S. Marshal.

(2)     The plaintiff shall thereafter complete the summons and 285 form(s), because without those forms, service of process cannot occur.

(3)     The plaintiff shall then mail the completed summons and 285 form(s) to the Clerk of Court. Upon receipt of the completed forms from the plaintiff, the Clerk of Court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

(4)     Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.

**THEREFORE, IFP PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE.**