IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS W. VAN DE MARK, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3100 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LANCASTER COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 17, the Motion for Summary Judgment filed by the defendant, Lancaster County, Nebraska, on behalf of the Lancaster County Department of Corrections. Also before the court is filing no. 16, the Motion for Hearing and for Appointment of Counsel filed by the plaintiff, Dennis W. Van De Mark, Sr.

The plaintiff asserts federal civil rights claims against the County, alleging that the calculation of prison time necessary to discharge the plaintiff's fines and costs violated the plaintiff's right to due process by causing him to serve six extra days in jail. It is true that an extended detention of an individual after he is entitled to release from custody can violate the Due Process Clause or the Eighth Amendment to the United States Constitution. However, for the following reasons, the defendant's Motion for Summary Judgment must be granted, and the plaintiff's complaint must be dismissed.

First, the plaintiff filed his complaint while incarcerated at the Lancaster County Jail (see filing no. 1-1 at page 4, envelope bearing the return address of the Lancaster County Department of Corrections). A plaintiff's status as a prisoner at the outset of a case determines whether the plaintiff and the action are subject to the Prison Litigation Reform Act ("PLRA") even if the plaintiff is subsequently released from custody.

42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C.

§ 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) means that available grievance procedures must be exhausted before the plaintiff files a lawsuit, or the plaintiff's claims must be dismissed without prejudice.  The plaintiff fails to allege either exhaustion of remedies or the absence of available grievance procedures.

Second, the plaintiff seeks monetary relief from the defendant.  However, the PLRA prevents the plaintiff from recovering damages for mental and emotional suffering, and he incurred no physical injury.  See 42 U.S.C. § 1997e(e): "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

It is true that 42 U.S.C. § 1997e(e) does not preclude nominal or punitive damages or injunctive and declaratory relief.  "To the extent [the plaintiff] argues nominal damages, punitive damages, and injunctive and declaratory relief are available to him, we agree. Congress did not intend section 1997e(e) to bar recovery for all forms of relief."  Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004).  However, injunctive relief is not available to the plaintiff because he is no longer incarcerated.  Injunctive relief may not be recovered to improve conditions at a jail from which the plaintiff has been released.  "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'"  Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999).

In addition, the plaintiff could not recover punitive damages because he has sued only a political subdivision, and no employees of the governmental unit.  In City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981), the U.S. Supreme Court held that punitive damages could be awarded against municipal employees, but not against the governmental entity itself.  The Court stated:

> In sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions

of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.

Id.

Third, six days does not amount to the kind of extended detention that states a claim of constitutional magnitude on which relief may be granted. "As our cases teach, in order for [the plaintiff] to prove his due process rights were violated and that the County should be held responsible, he must show both that his detention shocks the conscience and that it was caused by a county policy or custom evidencing a level of culpability akin to criminal recklessness." Davis v. Hall, 375 F.3d 703, 712-13 (8th Cir. 2004) (holdover for 57 days after a judge had ordered plaintiff's release), *citing* Russell v. Hennepin County, 420 F.3d 841 (8th Cir. 2005); Golberg v. Hennepin County, 417 F.3d 808 (8th Cir. 2005); Luckes v. Hennepin County, 415 F.3d 936 (8th Cir. 2005).

THEREFORE, IT IS ORDERED:

1. That filing no. 17, the defendant's Motion for Summary Judgment, is granted;

2. That filing no. 16, the plaintiff's Motion for Hearing and for Appointment of Counsel, is denied as moot; and

3. That judgment will be entered accordingly.

December 18, 2006.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge